## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYLER HERMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: CIV-21-1038-R |
| SIG SAUER, INC., | ) ) ) |
| Defendant. | ) ) |

### JOINT APPLICATION FOR STATUS CONFERENCE

Defendant Sig Sauer, Inc. ("Sig Sauer") and Plaintiff Tyler Herman ("Herman") (collectively the "Parties") respectfully request the Court set the above-captioned matter for a status conference[1]. In support of this joint application, the Parties provide the following:

1. The Court entered a Scheduling Order on April 5, 2022. (Doc. No. 44.) The discovery deadline is currently April 3, 2023, and the case is set on the Court's May 2023 trial docket. (*Id.*)

2. On March 14, 2023, Sig Sauer filed an Unopposed Motion to Extend All Remaining Scheduling Order Deadlines by Ninety (90) Days, thus requesting the discovery deadline be extended to July 3, 2023, and the case moved to a trial setting to be determined (among the other requested remaining Scheduling Order extensions). (Doc. No. 60.)

---

[1] The Parties would also request that out-of-state counsel be allowed to attend by remote means with local counsel attending in person.

1

3. The Parties request a status conference to discuss the number of witnesses listed on Plaintiff's witness list (Doc. No. 51) and the scope of discovery related to same, and to determine whether additional time beyond the requested ninety (90) day extension will be necessary and the impact of a trial setting depending on the number of witnesses that will be called at trial.

4. Specifically, on February 7, 2023, Herman filed his Final Witness and Exhibit List for Trial, naming 71 lay witnesses. (Doc. No. 51.)

5. In addition to Herman, his ex-wife Elizabeth Herman and 8 Sig Sauer witnesses, Herman lists 61 witness who he contends experienced unintended discharge incidents with P320 pistols that were substantially similar to the one experienced by Herman. Herman's Initial Disclosures did not identify any of these witnesses[2], and Sig Sauer did not have notice of Herman's intent to call these witnesses prior to February 7, 2023. Of these 61 witnesses, 9 have been deposed while the remaining witnesses have not been deposed. Twenty of the witnesses are plaintiffs in a consolidated action filed in New Hampshire federal court, but discovery has not commenced in that action which is still at the pleadings stage. Sig Sauer has limited (if any) information about the remaining 31 witnesses, and it does not have any investigative materials or other documents regarding the alleged incidents.

---

[2] Nearly every one of the "other similar incident" witnesses have been discovered by Plaintiff subsequent to Plaintiff filing his initial disclosures in this action. Most of these witnesses never contacted Sig Sauer prior to being identified by Plaintiff.

6. Before Sig Sauer filed its objections to Herman's witness list (Doc. No. 53), the Parties met and conferred about the scope of the witness list. Herman's counsel indicated they had not determined which witnesses would need to be called in this case and, therefore, did not agree to remove any of the witnesses from their list.

7. Promptly thereafter, on February 27, 2023, Sig Sauer served upon Herman its Second Set of Interrogatories and Second Requests for Production seeking information about the incidents involving the various witnesses. Specifically, this supplementary discovery seeks information about the date and location of the alleged discharge incident, along with investigative materials such as police reports; ambulance reports; and photographs of the subject pistol, accident location, and injuries (if any) sustained by the witness.[3] Herman's Answers and Responses are due March 29, 2023.

8. Because Herman's Answers and Responses to Sig Sauer's supplemental discovery requests are not yet due, Sig Sauer does not have any of the requested information. Once it obtains this information about the witnesses and their incidents, Sig Sauer will seek relevant records and information from third parties. Upon receipt, Sig Sauer will schedule depositions of the witnesses.

9. Sig Sauer disagrees that Herman's inability to narrow his witness list at this juncture should obligate Sig Sauer to obtain information from and depose all 71 lay witnesses that Herman has identified. However, if Herman intends to call all 71 lay

---

[3] Plaintiff contends that some of the information requested regarding the "other similar incident" witnesses is unnecessary and irrelevant for the purposes for which the witnesses are being called, but it is working in good faith to respond to Sig Sauer's requests.

witnesses and the Court allows same, the Parties agree that Sig Sauer is entitled to take appropriate discovery of the witnesses, which includes obtaining relevant information and documents about the incidents in advance of their depositions. Herman maintains the position that each of the witnesses' testimony is relevant to the proceedings and admissible under Tenth Circuit law.

10. Moreover, if the Court allows Herman to introduce evidence from all 71 lay witnesses, an amount of time greater than the ninety (90) days requested may be necessary for Sig Sauer to take appropriate discovery, and, it could affect the amount of time allotted for trial.

## **CONCLUSION**

As set forth above, the Parties respectfully request that the Court set the case for a status conference.

Respectfully submitted,

*/s/ Lyndon W. Whitmire*
Lyndon W. Whitmire, OBA No. 17164
G. Calvin Sharpe, OBA No. 11702
Amy D. White, OBA No. 19255
**PHILLIPS MURRAH P.C.**
Corporate Tower, Thirteenth Floor
101 North Robinson
Oklahoma City, OK  73102
Telephone: (405) 235-4100
Facsimile:  (405) 235-4133
lwwhitmire@phillipsmurrah.com
gcsharpe@phillipsmurrah.com
adwhite@phillipsmurrah.com

*-and-*

4

Robert L. Joyce *(Admitted Pro Hac Vice)*
B. Keith Gibson *(Admitted Pro Hac Vice)*
Kristen E. Dennison *(Admitted Pro Hac Vice)*
Jonathan T. Woy *(Admitted Pro Hac Vice)*
**LITTLETON PARK JOYCE UGHETTA & KELLY LLP**
4 Manhattanville Road, Suite 202
Purchase, NY  10577
Telephone: (914) 417-3400
Facsimile:  (914) 417-3401
robert.joyce@littletonpark.com
keith.gibson@littletonpark.com
kristen.dennison@littletonpark.com
jonathan.woy@littletonpark.com

*Attorneys for Defendant*
*SIG SAUER, INC.*

*-and-*

*/s/ Raymond S. Allred*
Raymond S. Allred, OBA # 11747
**RICHARD RICHARDSON AND BOURDEAUX**
7447 S. Lewis Avenue
Tulsa, OK  74316
Telephone: (203) 984-8820
Facsimile:  (918) 493-1925
rsa@rrbok.com

*-and-*

*Admitted Pro Hac Vice:*

*/s/ Robert W. Zimmerman*
Larry Bendesky
Robert W. Zimmerman
Daniel L. Ceisler
Ryan D. Hurd
**SALTZ MONGELUZZI & BENDESKY P.C.**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA  19103

5

> Telephone: (215) 496-8282
> Facsimile:  (215) 496-0999
> lbendesky@smbb.com
> rzimmerman@smbb.com
> dceisler@smbb.com
> rhurd@smbb.com
>
> *-and-*
>
> Jeffrey S. Bagnel
> **LAW OFFICES OF JEFFREY S. BAGNELL**
> 55 Post Road West
> Westport, CT 06880
> Telephone: (203) 984-8820
> Facsimile:  (203) 255-4454
> jeff@bagnell-law.com
>
> *-and-*
>
> Nicholas S. Gurney
>   (*Admitted Pro Hac Vice*)
> **GURNEY LAW, PLLC**
> 1238 E. Concord St.
> Orlando, FL  32803
> Telephone: (407) 554-5757
> Facsimile:  (407) 543-6543
> service@gurney.law
> nick@gurney.law
>
> ***Attorneys for Plaintiff***